IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES ODOM #113614 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv129 |
| DEVON FULLER, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff James Odom, a pretrial detainee confined in the Gregg County Jail, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights by jail staff. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Relevant Procedural History and Alleged Facts**

Plaintiff filed his original complaint on April 7, 2022. (Dkt. #1.) The complaint was very sparse. In the Statement of Claim, Plaintiff alleged that his court appointed attorney would not respond to his efforts to communicate, and that jail staff "all refused to help" him, despite his submitting several grievances. (*Id.* at 1.) He claimed he is being denied his right to adequate legal counsel. (*Id.*) He alleged the following acts or omissions for his named Defendants:

1. Devon Fuller: "Grievance clerk – he wont [sic] assist me in my claims."
2. B. Rodgers, jail employee: "He would not move properly on my behalf." And
3. L. May: "He made false claims hindering me."

(*Id.* at 3.) The Court found on a cursory review that those allegations were insufficient to put anyone on notice of the claims against them. Because Plaintiff indicated he suffers from a brain injury, the Court elected to require him to respond to specific questions about the factual bases for

his claims rather than instructing him to file an amended complaint. (Dkt. #5.) Thus, Plaintiff was given fair opportunity to rectify the deficiencies of his original complaint. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994).

Now before the Court is Plaintiff's more definite statement, filed on April 18, 2022, in which he answers the Court's questions about his claims. (Dkt. #6.) In his statement, Plaintiff clarifies that the attorney with whom he is trying to communicate was appointed by the "Gregg County felony court" to represent him in his pending criminal prosecution. (*Id.* at 1.) He says he met with the lawyer once around the time he was detained, but that his many calls and letters to the lawyer since then have gone unanswered. (*Id.*) Specifically, Plaintiff says he has placed "100 or more" calls to the lawyer and mailed him 4 letters over a 50-day period, but the "refuses to answer the phone" and does not respond to the letters. (*Id.* at 1–2.)

Plaintiff faults jail staff for this situation because they "refuse to assist" him in contacting his lawyer. (*Id.* at 2.) As he explains,

> [A]ll jail staff understand that my attorney is not responding to my calls and my letters and all jail staff in Gregg County Jail in Longview Texas refuse to adress [sic] the situation in a proper effective manner.

(*Id.* at 3.) He says he wrote grievances about being unable to contact his attorney, and "the responce [sic] was for me to call or write my attorney and that the jail does not deal with that issue." (*Id.*) He says "Fuller knows the situation about [his]" attorney and will not help him. (*Id.* at 4.) He says "the guards including B. Rodgers know the situation" and "just let it happen." (*Id.*) And he says L. May falsely "claimed that [his] attorney would answer or that the phone system is effective in getting in touch with [his] attorney," even though those efforts have been unsuccessful. (*Id.*) He alleges that the Defendants' failure to assist him in communicating with his attorney "has caused problems in [his] criminal case," because he otherwise "could have filed motions and got a bond

reduction." (*Id.* at 2, 4.) He also asserts that he "cant [sic] get the courts to move without going through [his] attorney" and complains that there is no law library in the Gregg County Jail. (*Id.* at 5.) In his complaint, Plaintiff seeks unspecified "payment" for "pain and suffering." (Dkt. #1 at 1.)

**II. Legal Standards and Preliminary Screening**

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, and he is proceeding *in forma pauperis*, so his claims are subject to preliminary screening pursuant to the Prison Litigation Reform Act as required by 28 U.S.C. §§ 1915A and 1915(e). Those statutes direct *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under Section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, No. SA-16-CV-284-DAE (PMA), 2016 WL 2344231, at *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

**III. Discussion and Analysis**

    A. *Right to Counsel and to Access the Courts*

Criminal defendants have a right to the effective assistance of counsel under the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 684 (1984) ("In a long line of cases that includes *Powell v. Alabama*, 287 U.S. 45 (1932), *Johnson v. Zerbst*, 304 U.S. 458 (1938), and

*Gideon v. Wainwright*, 372 U.S. 335 (1963), this Court has recognized that the Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial."). But Plaintiff's claim that he is being denied the effective assistance of counsel implicates the validity of any future conviction in his criminal case and is, therefore, not currently cognizable in a Section 1983 action. A Section 1983 claim that challenges the validity of a standing criminal conviction or sentence is not cognizable unless and until the plaintiff has succeeded in having the conviction or sentence overturned or invalidated through habeas corpus or other proper means. *Wilkinson v. Dotson*, 544 U.S. 74, 78–82 (2005); *Heck v. Humphrey*, 512 U.S. 477 (1994). If a plaintiff challenges the constitutionality of criminal proceedings "before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.* at 394.

In this case, however, a stay is unnecessary because Plaintiff's ineffective-assistance claim fails for a second reason, which he cannot overcome regardless of the outcome of his criminal case: he does not allege any facts that would establish the Defendants are responsible for depriving him of the assistance of counsel. "[S]ince § 1983 applies to individuals, we must be keenly aware of what § 1983 requires before plaintiffs can seek relief from individuals—namely individual causation." *Jones v. Hosemann*, 812 F. App'x 235, 238 (5th Cir. 2020). "Only when those individual actions 'proximately cause[ ]' the plaintiff's injury can that plaintiff seek relief under § 1983." *Id.* (quoting *County of Los Angeles v. Mendez*, ––– U.S. –––, 137 S. Ct. 1539, 1548 (2017)). In describing the personal involvement required to establish a defendant's liability under

5

Section 1983, the Supreme Court has explained that "there must be an affirmative link between the incident and some act by the defendant." *Rizzo v. Goode*, 423 U.S. 362, 363 (1976); *see also Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) (explaining that a defendant "must be either personally involved in the acts causing the deprivation of a person's constitutional rights, or there must be a causal connection between an act of the [defendant] and the constitutional violation sought to be redressed.").

Plaintiff here does not allege that Defendants are impeding his ability to communicate with his attorney or are affecting his attorney's performance in any way. They are clearly permitting Plaintiff ample access to the telephone to call his attorney and are facilitating his mailing letters to him. Plaintiff simply alleges that they know his attorney is failing to communicate with him and are not taking some action to correct that situation. But Plaintiff does not specify what action Defendants could take to remedy the perceived violation. He does not suggest, and the Court cannot infer, that Defendants have any authority over Plaintiff's attorney or any ability to force him to communicate with Plaintiff. Accordingly, even assuming the truth of everything Plaintiff alleges, he cannot prove that these Defendants are personally involved in violating his Sixth Amendment right to counsel.

Plaintiff's passing reference to the lack of a law library at the Gregg County Jail also fails to state a claim. The law does not provide inmates with "an abstract, freestanding right to a law library or legal assistance" in jail. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Accordingly, an inmate claiming that some obstacle to his legal research violated his First Amendment right to access the courts "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.*

Plaintiff does not allege that he has been prevented from pursuing any civil claim. And, as another district court in this circuit has explained, the representation of counsel in his criminal case is presumed to satisfy his First Amendment right of access to court:

> His criminal proceedings in the state court, where he is represented by counsel, are ongoing. In the context of other kinds of First Amendment claims, courts have held that an inmate's representation by counsel in his criminal proceedings is alone sufficient to afford him adequate access to the courts. *See Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998) (to establish actual injury necessary to state a claim of denial of access to the courts, plaintiff must show defendants' action or policy actually hindered his ability to present a legal claim); *Mackin v. Carpenter*, 988 F.2d 1212, 1993 WL 82306, at *1 (5th Cir. 1993) (plaintiff must show he was denied meaningful access to courts as a result of defendants' action; "[s]ince [plaintiff] was represented by counsel . . ., he was not denied access to the courts."); *Mann v. Smith*, 796 F.2d 79, 83 (5th Cir. 1986) (access to court-appointed attorney in criminal case sufficient to satisfy First Amendment right of access to courts).

*Monterroso Navas v. JPCC/Correct Health*, No. CV 18-6846, 2019 WL 2397221, at *12 (E.D. La. Mar. 29, 2019), *report and recommendation adopted*, No. CV 18-6846, 2019 WL 2395541 (E.D. La. June 6, 2019). Moreover, Plaintiff's ability to contact this Court and, presumably, the criminal court where his charges are pending, remains intact. Neither his dissatisfaction with his counsel's level of communication nor his speculation that he might have gotten his bond reduced is sufficient to establish that he has been denied his right to access the courts.

Moreover, even if Plaintiff had alleged facts demonstrating a lack of access to the courts, he has not connected that violation with these Defendants. He does not, for example, allege that they have denied him any requested legal materials or prevented him from mailing any letters or claims to any court. For the same reasons explained above, Plaintiff's allegations do not establish the individual causation or personal involvement of these Defendants in any First Amendment violation.

### B. Grievance Process

To the extent that Plaintiff's claims are premised on his inability to obtain relief through the jail's grievance system, that fact does not implicate his federal constitutional rights. Inmates have no due process right to an effective grievance system, and "any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *see also Schwarzer v. Wainwright*, 810 F. App'x 358, 360 (5th Cir. 2020) ("Schwarzer cannot demonstrate that prisoners have a constitutional right to a grievance system."). Even if Plaintiff included sufficient factual detail about his grievances to satisfy Rule 8, therefore, any claim arising from the failure to provide him with an effective grievance system would fail to state a claim upon which relief could be granted.

Likewise, Defendants' receipt of any grievances would not be sufficient to establish personal involvement in an underlying constitutional violation. *Keys v. United States*, No. 3:17-CV-2940-N-BH, 2020 WL 2753143, at *4 (N.D. Tex. Apr. 20, 2020), *report and recommendation adopted*, No. 3:17-CV-2940-N-BH, 2020 WL 2745604 (N.D. Tex. May 27, 2020) (" Although he claims he submitted grievances to Warden regarding his inadequate dental care and waitlist status, a failure to respond to a letter or grievance does not rise to the required level of personal involvement for liability."); *Murphy v. Andrews*, No. 6:10CV508, 2011 WL 13152301, at *3 (E.D. Tex. Apr. 1, 2011), *report and recommendation adopted*, No. 6:10CV508, 2011 WL 13152302 (E.D. Tex. May 6, 2011) (holding that inmate's claim that "he sent letters and I-60's to the warden's office and that the warden did not take such action as [the plaintiff] deemed appropriate" was "not sufficient to support a claim for Section 1983 liability").

### IV. Conclusion

For the reasons set forth above, Plaintiff fails to state a claim upon which relief can be granted against any named Defendant. Dismissal is appropriate where Plaintiff has already been permitted to address the deficiencies of his complaint but still fails to state a viable claim. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (holding that "once given adequate opportunity, even a *pro se* complaint must contain specific facts supporting its conclusions"); *Garcia v. City of Lubbock, Texas*, 487 F. Supp. 3d 555, 566 (N.D. Tex. 2020) (dismissing where inmate had "already amended his complaint once" and been afforded "an opportunity to further flesh out his claims").

### RECOMMENDATION

Accordingly, the undersigned recommends that this action be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e) for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 22nd day of April, 2022.**

9

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE